UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NANCY C. YOUNG,                                               **REPORT AND**
                                                              **RECOMMENDATION**

                       Plaintiff,                    10-CV-00316(S)(M)

v.

NATIONAL RAILROAD PASSENGER
CORPORATION d/b/a AMTRAK and
MISTER GREEN LAWN, INC.,

                       Defendants.
_____

        This case has been referred to me by Hon. William M. Skretny for supervision of pretrial proceedings [3].[1] Before me is defendants' motion for summary judgment [28].[2] For the following reasons, I recommend that the motion be granted.

---

[1]     Bracketed references are to CM-ECF docket entries.

[2]     This action was originally commenced in state court against Amtrak alone. Amtrak's notice of removal [1] specified 28 U.S.C. §§1331 and 1332 as the grounds for federal jurisdiction. I do not believe that §1331 furnishes jurisdiction, since the claim did not arise under federal law. Although diversity jurisdiction may have existed at the time of removal, the subsequent joinder of a Mister Green Lawn, Inc., a non-diverse defendant, would have required remand if there were no other basis for jurisdiction. However, 28 U.S.C. §1349 furnishes that basis. *See* <u>Coultman v. National R.R. Passenger Corp.</u>, 857 F. Supp. 231, 232 (E.D.N.Y. 1994) ("Although defendant's removal papers asserted federal jurisdiction founded solely on diversity of citizenship, this Court also has jurisdiction over this action pursuant to 28 U.S.C. §1349, in that the United States owns greater than one-half of the capital stock of defendant Amtrak").

**BACKGROUND**

Plaintiff Nancy Young seeks to recover damages for personal injuries allegedly sustained in a fall at the entrance to Amtrak's station in Depew, New York at approximately noon on December 23, 2008. She alleges that "as a result of the negligence of the Defendants, [she] was caused to slip and fall on ice and/or snow". Amended Complaint [19], ¶10.

Plaintiff testified at her deposition [28-1] that her friend, Grover Reifler, drove her to the station and she began to exit the car while he was retrieving her suitcase from the rear. She stated that he pulled up so close to the curb that she could not fit her foot between the car and the curb (id., p. 29). She could "remember seeing snow packed up against the curb . . . . And the sidewalk looked as though it had been cleared away at sometime" (id., p. 30).

When asked "did that snow extend up and over onto the top of the curb or was it just packed against the vertical portion of the curb?", she replied "I don't know for sure" (id., p. 31). When asked "do you recollect seeing any other snow or ice on the top portion of the curb or the sidewalk, again immediately outside your door?", she responded "I don't remember any" (id.).

She testified that as she was pulling herself out of the car, she "fell down" (id., pp. 31-32). When asked "what sensation [she] felt immediately before the fall occurred?", she replied "I have no idea" (id., p. 32). When asked "did you feel any part of your body start to slip before you fell?", she responded "I don't remember" (id. pp. 32-33). When asked "did you feel one of your feet slip before the fall occurred?", she relied "I can't honestly say that I did . . . I don't know" (id., p. 33). She testified that "the sidewalk [had] a little bit of snow on it" (id.,

p.38), but when asked "can you give us any more clarification in the way of a description as to the amounts or the placement of the snow?", she replied "no" (id., p. 39).

In moving for summary judgment, defendants argue that "plaintiff is unable to provide this Court with any proof regarding what, in fact, caused her fall. As such, her claim must fail as the jury would be required to speculate as to the cause of the fall, which is improper". Defendants' Memorandum of Law [28-16], p. 8. In opposing the motion, plaintiff has submitted her affidavit [31-3], her answers to interrogatories [31-4], Amtrak's accident report ([31-6], pp. 9-10 of 10), letters from Amtrak's Senior Claims Representative (Cathy Lee-Visscher) dated January 23, 2009 ([31-6], p. 6 of 10) and November 30, 2009 ([31-6], pp. 7-8 of 10), and the sworn statements of rescue personnel Charlotte Basher ([31-7], pp. 2-12 of 23) and Andrew Gangloff ([31-7], pp.13-23 of 23). Plaintiff argues that these submissions create a genuine issue of material fact as to defendants' negligence in allowing an accumulation of ice and/or snow.

## ANALYSIS

Summary judgment may be granted "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

"Negligence by the defendant cannot be presumed from the mere happening of an accident . . . [it] must be proven." Smart v. Zambito 85 A.D.3d 1721, 1722 (4th Dep't 2011). Since plaintiff has alleged that "as a result of the negligence of the Defendants, [she] was caused to slip and fall on ice and/or snow" (Amended Complaint [19], ¶10), she must prove that she fell due to ice or snow, rather than for some other reason. As defendants point out, at her deposition plaintiff was unable to state that she fell on ice or snow.

Therefore, unless she has furnished admissible evidence indicating that her fall was more likely than not caused by ice or snow, defendants are entitled to summary judgment. Barnes v. Di Benedetto, 294 A.D.2d 655, 656, 657 (3rd Dep't 2002) ("The pleadings allege that plaintiff slipped on an accumulation of ice and snow in the entryway. A careful review of plaintiff's deposition testimony, however, plainly reveals that she does not know what caused her to fall . . . . Under these circumstances, no bona fide issue of fact exists which would preclude summary judgment in defendant's favor").

Accordingly, I will consider each form of evidence submitted by plaintiff in opposition to the motion:

**A.    Plaintiff's Affidavit**

Plaintiff claims that her affidavit "address[es] specifics of the accident never asked of her at her deposition". Plaintiff's Memorandum of Law [31-8], p. 4. Paragraph 4 of plaintiff's affidavit [31-3] alleges that "[a]s I began to transfer my weight from sitting onto my feet, I felt the unevenness of the area where I stepped". Paragraph 5 states that only thereafter

- 4 -

"did my foot slip and I immediately fell forward onto the sidewalk area". Paragraph 7 states that "[a]s I was down on the ground after my fall, I was able to see the condition that caused my fall. There was an accumulation of ice and snow at [the] edge of the sidewalk at the curb that created the uneven surface at the top of the curb that I stepped on when I was attempting to get out of the car. From the ground I could see a mound of snow and ice was hard and dirty and was taller than the curb. It was clear it had been there for sometime".

These allegations cannot reasonably be reconciled with plaintiff's testimony at her deposition [28-1]. When asked by defense counsel at that time to "tell me what sensation you felt immediately before the fall occurred", plaintiff did not mention that she "felt the unevenness of the area where I stepped" (as she does in her affidavit) - instead, she stated "I have no idea" (id., p. 32).

Although paragraph 5 of plaintiff's affidavit states that her foot slipped, when asked at her deposition "did you feel any part of your body start to slip before you fell . . . .[D]id you feel one of your feet slip before the fall occurred?", she responded "I don't remember" . . . . "I can't honestly say that I did . . . I don't know" ([28-1], pp. 32-33).[3]

Furthermore, whereas paragraph 7 of plaintiff's affidavit states that she fell on an "uneven surface at the top of the curb . . . . a mound of snow and ice [that] was hard and was dirty and was *taller than the curb*" (emphasis added), when asked at her deposition "did that snow extend *up and over onto the top of the curb* or was it just packed against the vertical

---

[3] Although paragraph 7 of plaintiff's affidavit also states that she "did not recall feeling [her]foot slide or slip prior to . . . falling", how could she then state that her foot had slipped?

portion of the curb?" (emphasis added), she replied "I don't know for sure"; and when asked "do you recollect seeing any other snow or ice *on the top portion of the curb* or the sidewalk, again immediately outside your door?"(emphasis added), she responded "I don't remember any" ([28-1], p. 31).

Given these numerous inconsistencies between plaintiff's affidavit and her deposition testimony, I conclude that plaintiff's affidavit is insufficient to defeat this motion. "[A] party cannot create an issue of fact by submitting an affidavit in opposition to summary judgment that contradicts prior deposition testimony". Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 104 (2d Cir. 2010); Estate of Hamilton v. City of New York, 627 F.3d 50, 54 (2d Cir. 2010) ("a party's affidavit which contradicts his own deposition testimony should be disregarded on a motion for summary judgment").

**B.     Plaintiff's Answers to Interrogatories**

In her answers to interrogatories, plaintiff claims that she "slipped and fell on an accumulation of snow and/or ice" ([31-4] answer 9). However, as defendants point out, these answers were "signed by plaintiff's attorneys and . . . not verified or in any other way authenticated by plaintiff" (defendants' Memorandum of Law [32-4], p. 2 of 23) and are therefore of no evidentiary value.

C. **Amtrak's Accident Report**

Amtrak's accident report states that plaintiff "stepped out of car, slipped on ice on curb" ([31-6], p. 9 of 10, question 14). However, according to Amtrak employee Shannon Wichelns (who prepared the report), that information was given to her either by plaintiff, by Grover Reifler (who drove plaintiff to the station), or by a combination of the two (Wichelns deposition [28-3], pp. 17, 21, 27-28). If the information was provided by plaintiff, it is contradicted by her deposition testimony, as previously discussed. If it was provided by Mr. Reifler, there is no affidavit from him indicating that he observed plaintiff fall.

To the contrary, plaintiff testified that after stopping the vehicle, Mr. Reifler "got out of the vehicle to get my suitcase out of the trunk" (plaintiff's deposition [28-1], p. 28), and that at the time she fell, he was "in the back of his vehicle" and "wasn't around on [her] side" (id., pp. 37-38). When asked "[d]o you know of anybody who stated that they saw you fall?", plaintiff responded "No" (id., p. 37).

Therefore, Amtrak's accident report is of no probative value in determining the cause of the accident.

D. **The Lee-Visscher Letters**

Plaintiff also relies on two letters from Amtrak's Senior Claims Representative, Cathy Lee-Visscher. In her letter to plaintiff dated January 23, 2009 ([31-6], p. 6 of 10), Ms. Lee-Visscher stated that "[o]ur office has been notified of an incident that occurred at the Amtrak Station at Buffalo-Depew when you became injured after slipping on an icy curb on December

23, 2008". In her letter to plaintiff's attorney dated November 30, 2009 ([31-6], pp. 7-8 of 10), Ms. Lee-Visscher stated that plaintiff "*may have* caught [her foot] on the edge of the curb, which was no doubt icy. I believe that this *may have* also contributed to her slip and fall" (emphasis added).

However, plaintiff repeatedly argues that "none of the defendants have any personal knowledge of the condition that day . . . . No employee of defendant AMTRAK had any knowledge or recollection of the condition . . . . [N]one of the Defendants ever looked at the condition which caused Plaintiff's fall". Plaintiff's Memorandum of Law [31-8], pp. 10, 11, 12. Therefore, as confirmed by Ms. Lee-Visscher in her affidavit ([32-1]), the statements made in her letters as to the conditions at the time of the accident were merely her own speculation, and as such are without probative value. "[S]peculation alone is insufficient to defeat a motion for summary judgment". McPherson v. New York City Department of Education, 457 F.3d 211, 215 n. 4 (2d Cir. 2006).

E.   **The Gangloff and Basher Statements**

Finally, plaintiff relies upon sworn statements of Lancaster Volunteer Ambulance Company Emergency Medical Technicians Charlotte Basher and Andrew Gangloff ([31-7]), who responded to the scene and rendered first aid to plaintiff following her accident. However, neither of these individuals witnessed her fall, and did not have direct knowledge of the conditions at the precise location where she fell.

For these reasons, none of the other submissions by plaintiff overcome the gaps in her deposition testimony as to the cause of her fall. Defendants suggest that there are other possible causes: "It is certainly conceivable that one of her hands slipped/lost grip of the car door thereby causing her to fall. It is also conceivable that the stress placed on plaintiff's hip joints as she tried to pull herself up and out of the car and onto the curb/sidewalk caused the fracture to occur. It should be noted that at the time of the incident, plaintiff was 64 years old". Defendant's Memorandum of Law [28-16], p. 8.

Plaintiff responds that defendants' "speculation as to other causes of the accident [is] mere conjecture . . . . This speculation is inappropriate, unsubstantiated and will not establish as a matter of law Defendants' entitlement to summary judgment". Plaintiff's Memorandum of Law [31-8], p. 15. This argument misplaces the burden of proof, since "defendants need not prove their theory of the case. Rather, it is enough if they raise sufficient conflicting inferences as to the facts to raise serious doubt as to the conclusions plaintiff would have drawn from the evidence." Harlem River Consumers Co-op., Inc. v. Retail, Wholesale & Chain Store Food Employees Union, 1976 WL 1237, *15 (S.D.N.Y. 1976). "Preponderance of evidence involves probabilities, rather than mere possibilities. If two possibilities can be inferred from the evidence, neither one can be said to have been proved by the preponderance of the evidence required to sustain the necessary burden of proof." Id., *16.

The "failure to prove what actually caused a plaintiff to fall in a situation where there could be other causes is fatal to a plaintiff's cause of action". Dapp v. Larson, 240 A.D.2d 918, 919 (3rd Dep't 1997). While plaintiff "is not required to exclude every other possible cause

of the accident . . . plaintiff's proof must render those other causes sufficiently remote or technical to enable the jury to reach a verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence." Smart, 85 A.D.3d at 1721.

Plaintiff has failed to demonstrate that the other potential causes suggested by defendants are "sufficiently remote" - particularly in light of her testimony that she does not recall slipping. Therefore, "summary judgment in defendant's favor is appropriate because it is just as likely that the accident could have been caused by some other factor . . . such as a misstep or loss of balance, and thus any determination by the trier of fact as to the cause of the accident would be based upon sheer speculation". Id.

## CONCLUSION

For these reasons, I recommend that defendants' motion for summary judgment [28] be granted. Unless otherwise ordered by Judge Skretny, any objections to this Report and Recommendation must be filed with the clerk of this court by May 3, 2012 (applying the time frames set forth in Fed. R. Civ. P. ("Rules") 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Skretny. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: April 16, 2012

    /s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge